[No. 5927.]

## Sage v. The People.

**Practice in Criminal Cases — Forgery — Information — Evidence —Sufficiency.**

An information charged the defendant with uttering and passing a forged check on one Swan Johnson with intent to damage, prejudice and defraud said Swan Johnson. The evidence showed an unsuccessful attempt to pass the check on an employee of Swan Johnson, but it did not show that Swan Johnson was a member of the firm carrying on the business where the check was presented. Held, that such evidence is insufficient to invoke the rule of law that an allegation of an intent to defraud an individual may be sustained by proof of fraud on the firm of which he is a member, and the trial court's refusal to direct a verdict for defendant constitutes reversible error.—P. 136.

*Error to the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Russell Sage was convicted on an information charging him with uttering and passing a forged check on another, with intent to damage, prejudice, and defraud him, and he brings error.

*Reversed.*

Mr. E. I. STIRMAN, for plaintiff in error.

Mr. W. H. DICKSON, attorney general, Mr. S. H. THOMPSON, assistant attorney general, Mr. GEORGE STIDGER, district attorney, Mr. JOHN H. CHILES, assistant district attorney, and Mr. HARRY S. SILVERSTEIN, deputy district attorney, for the people.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff in error was convicted on an information charging him with uttering and passing a forged check on one "Swan Johnson with intent to damage, prejudice and defraud said Swan Johnson."

The evidence showed that an unsuccessful attempt was made by plaintiff in error to pass the alleged forged check on Arthur Johnson, who testified: "I am a son of Swan Johnson. I am engaged in his employ."

Swan Johnson testified: "My name is Swan Johnson. My business a grocer. Place of business, 1048 Santa Fe. My place is 1048 Santa Fe."

Q. "In what name is the grocery business done at 1048 Santa Fe avenue?"

A. "E. S. Johnson & Co. McGuire is the company."

The theory of the prosecution is that the foregoing testimony, quoted from the brief of counsel for defendant in error, clearly establishes the fact that Swan Johnson, at the time of the uttering of the check, was a member of the firm of E. S. Johnson & Co. and that the law is well settled, that an allegation of an intent to defraud an individual may be sustained by proof of fraud on the firm of which the individual was a member.—Wharton Crim. Law (9th ed.), §§ 713, 743a.

Conceding the law to be as stated by counsel, the evidence quoted and relied upon, which is all the evidence in the record upon the point under consideration, fails to prove that Swan Johnson, the individual averred in the information as intended to be defrauded, was a member of the firm of E. S. Johnson & Co.

Upon the theory adopted by the prosecution, there was a failure to prove an elemental fact essential to bring the case within the law relied upon to justify a conviction of the crime alleged in the information.

The motion of plaintiff in error, at the close of the evidence, for an instructed verdict should have been granted.

Refusal to so instruct was error.

It is unnecessary to consider the other errors assigned and discussed.

For the error above pointed out, the judgment must be reversed.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.